AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>REYNALDO MILLER,<br><br>Defendant(s) | Case No. 20-mj-8071-DLB<br><br>FILED BY __SP__ D.C.<br>Feb 15, 2020<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - West Palm Beach |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 15, 2020__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii). | Possession with the intent to distribute more than 5 kilograms of a controlled substance (cocaine). |

This criminal complaint is based on these facts:
Please see attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Anderson Sullivan, SA HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 02/15/2020

_____
Judge's signature

City and state: West Palm Beach, Florida

Dave Lee Brannon, U.S. Magistrate Judge
Printed name and title

# I, Anderson Sullivan, being duly sworn do solemnly swear and depose that:

### Introduction

1. I, Anderson Sullivan, am a Special Agent assigned to the U.S. Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been a HSI Special Agent since 2007. Prior to being a HSI Special Agent, I served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. In total, I have about 22 years of federal law enforcement experience.

2. As an HSI Special Agent, my duties and responsibilities include conducting criminal investigations pertaining to Titles 18, 19, and 21, of the United States Code (U.S.C.) and the Code of Federal Regulations (CFR). After being hired as a Marine Enforcement Officer in 2002, I received training at the United States Customs Service Academy. In 2007, as a Special Agent, I received further training at the United States Immigration and Customs Enforcement Academy. At both of these academies I was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the U.S.C. and the CFR as enumerated in Titles 18, 19, and 21. I have obtained experience from numerous investigations involving narcotics smuggling, as well violations of other United States customs laws.

3. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to 1) arrest Reynaldo MILLER, YOB 1990, for knowingly and willfully possessing with the intent to distribute a controlled substance, to wit more than five kilograms of a mixture known to contain cocaine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(ii); and 2) arrest Wilfred FERTIL, YOB 1973, for knowingly and willfully attempting to possess with the intent to distribute a controlled substance, to wit more than 500 grams of a mixture known to contain cocaine, while in possession of a firearm in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 846, 963, and 18 U.S.C. § 924 (c)(1)(A)(i).

### Facts in Support of Probable Cause

4. On February 15, 2020, the M/V Grand Master II, a cargo vessel, arrived at the Port of Palm Beach, located in Riviera Beach, Florida in the Southern District of Florida. Prior to arriving at the Port of Palm Beach, the M/V Grand Master II's last port of call was Great Exuma Island, in the Bahamas. While the M/V Grand Master II was moored to the pier, HSI agents observed a dark blue Dodge Ram truck drive into the Port of Palm Beach and then onto the M/V Grand Master II. The driver, later determined to be Reynaldo MILLER, YOB 1990, met with several of the vessels crew

members and unloaded cargo from the bed of the pick-up truck onto the ship. Agents then observed items get loaded into the passenger compartment of MILLER'S Truck. MILLER then departed the vessel driving the same Dodge Ram truck, and headed toward the exit gate of the port.

5. While MILLER was at the port's exit security gate, HSI agents, using border search authority, selected MILLER and his vehicle for inspection. MILLER voluntarily exited his vehicle and an HSI Task Force K-9 Officer walked his narcotics detector dog around MILLER'S vehicle. The narcotics detector dog alerted to the presence of narcotics. While MILLER was out of his truck, he appeared very nervous and urinated in his clothing.

6. The HSI agents then transported MILLER and his truck to the customs warehouse for further inspection. Pursuant to the inspection, agents discovered a large gray suitcase in the back seat of MILLER'S truck. Inside the suitcase, agents discovered several backpacks that contained approximately 32 kilogram sized bricks. The contents of several of the bricks field-tested positive for cocaine.

7. Subsequent to the seizure of the controlled substances, HSI agents read MILLER the *MIRANDA* warnings. MILLER verbally acknowledged that he in fact understood his rights, he wrote his initials next to each right and signed the waiver portion of the *MIRANDA* form, and he agreed to be interviewed by the agents.

8. MILLER stated to the agents that he delivered groceries and supplies to the M/V Grand Master II. When asked who put the cocaine into the gray suitcase, MILLER replied that crew members on the M/V Grand Master II put the cocaine into the gray suitcase. MILLER stated that he was supposed to take the cocaine to people that are going to contact him. MILLER said that he does not know the identities of the people that are going to contact him. During the interview, MILLER'S phone received numerous calls and messages from people for whom he is supposed to deliver the cocaine. MILLER does not know how much he is going to be paid, but does expect compensation. MILLER agreed to assist the agents in a controlled delivery of sham cocaine to an individual later identified as Wilfred FERTIL, YOB 1973.

9. Prior to the controlled delivery, HSI agents directed MILLER to continue to communicate with FERTIL via messaging and phone calls. HSI agents directed MILLER to meet with FERTIL at a location in West Palm Beach, Florida, in the Southern District of Florida. FERTIL arrived at the parking lot in his Chevy Malibu and parked next to MILLER'S. As per the HSI agents' direction, MILLER delivered a bag of bricks of sham cocaine to FERTIL. This activity was observed by HSI and Palm Beach County Sheriff's Office (PBSO) agents. FERTIL was then taken into custody. Following his arrest, agents discovered a 9mm semi-automatic pistol in the center console of FERTIL'S Chevy Malibu.

10. Subsequent to his arrest, HSI agents read FERTIL the MIRANDA warnings, FERTIL verbally acknowledged that he in fact understood his rights, he wrote his initials next to each right and signed the waiver portion of the MIRANDA form, and he agreed to be interviewed by the agents.

11. FERTIL stated that he was offered $500.00 by an unidentified co-conspirator in Miami, Florida to drive from Miami to West Palm Beach to pick up two packages and then bring them back to the unidentified co-conspirator in Miami. FERTIL claims that he does not know what he was sent to pick up. During the interview, FERTIL stated several times that he was ready to accept the consequences of his actions.

## Conclusion

12. Based on the forgoing, your affiant believes that probable cause exists to arrest Reynaldo MILLER, YOB 1990, for knowingly and willfully possessing with the intent to distribute a controlled substance, to wit more than five kilograms of a mixture known to contain cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii).

13. Furthermore, your affiant submits that probable cause exists to arrest Wilfred FERTIL, YOB 1973, for knowingly and willfully attempting to possess with the intent to distribute a controlled substance, to wit more than 500 grams of a mixture known to contain cocaine, while in possession of a firearm in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 846 and 963, and 18 U.S.C. § 924 (c)(1)(A)(i).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent Anderson B. Sullivan
Homeland Security Investigations

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 15th DAY OF FEBRUARY 2020, AT
WEST PALM BEACH, FLORIDA.

DAVE L. BRANNON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Reynaldo Miller

**Case No**: 20-mj-8071-DLB

Count: 1

21 U.S.C. § 841(a), 841(b)(1)(A)(ii)
Possession with the intent to distribute more than 5 kilograms of a controlled substance (cocaine)

* **Penalty**: Minimum term of 10 years to life in prison

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-mj-8071-DLB

UNITED STATES OF AMERICA

vs.

Reynaldo Miller,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. 1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ____ Yes  _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
SARAH J. SCHALL
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501805
500 S. Australian Ave, Ste. 400
West Palm Beach, Florida 33401
TEL (786) 360-9896
FAX (561) 820-8777
Sarah.Schall@usdoj.gov